HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL WINN, | No. 13-cv-5551-RBL |
| Plaintiff, | Order Denying IFP Status and Motion to Appoint Counsel |
| v. | |
| GRAND JURY SPECIAL PROSECUTOR, | |
| Defendant. | [Dkts. #1, 2] |

## I.   INTRODUCTION

Before the Court is Plaintiff Daniel Winn's application to proceed *in forma pauperis*. [Dkt. #1] and application for appointment of counsel [Dkt. #2]. For the reasons set forth below, the Court denies the applications.

## II.   DISCUSSION

**A. Application to Proceed *In Forma Pauperis*.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

Order - 1

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Here, the Court must deny Plaintiff's application because the Complaint, barely legible, appears frivolous on its face.  The nature of the claim is entirely unclear, and it appears likely that any attempt to sue Plaintiff's prosecutor in his personal capacity would be barred by prosecutorial immunity.

**B. Application for Appointment of Counsel.**

Pursuant to 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent any person unable to afford counsel.  Under § 1915, the Court may appoint counsel in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

As noted above, Plaintiff is unlikely to succeed on the merits at this time.  Thus, the Court must decline to appoint counsel.

### III.   ORDER

For the reasons stated above, the Court **DENIES** the application to proceed *in forma pauperis* [Dkt. #1] and the application to appoint counsel [Dkt. #2].  Plaintiff has **15 days** to pay the filing fees or the case may be dismissed.

Dated this 22nd day of July 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE